J. S30016/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.P. AND T.P., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | No. 91 EDA 2015 |
| | : | |
| G.R.H., T.L.M. AND R.S. | : | |

Appeal from the Order Dated December 18, 2014,
in the Court of Common Pleas of Pike County
Civil Division at No. 1850-2014-Civil

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 02, 2015**

Appellants, M.P. and T.P., appeal from the order which dismissed their petition for emergency custody of the minor children, J.H. and S.M. ("the Children"), for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. §§ 5401-5482. Upon careful review, we affirm.

We adopt the factual and procedural history of this case as set forth in the trial court's opinion.

> This Appeal arises from a dispute regarding the custody of two (2) minor children ("minor children"). Defendants [G.R.H.] and [T.L.M.] are the biological parents of the minor children. The State of Tennessee undertook custody of the minor children, placed them in foster care, and filed a Petition to terminate the parental rights of [G.R.H.] and [T.L.M.] in July, 2012. On or about April 12, 2013, the minor children were placed in the custody and

care of their paternal grandmother, Defendant [R.S.]. A hearing on the termination of [G.R.H.]'s and [T.L.M.]'s parental rights is scheduled for February 9, 2015, in Tennessee.

After [R.S.] relocated to Pennsylvania, she purportedly entered into a Stipulated Custody Agreement ("Agreement") with [M.P. and T.P.] ("Appellants"), wherein Appellants would take custody of the minor children. The Agreement was never made an Order of this or any other Court. [R.S.] delivered the minor children to Appellants at their home in Pike County, Pennsylvania, on or about January 12, 2014. [R.S.] removed the minor children from Appellants' care on or about November 25, 2014, in contemplation of a written revocation of the Agreement purportedly mailed to Appellants.

Appellants filed an Emergency Complaint for Custody of the minor children ("Complaint") in the Pike County Court of Common Pleas on December 8, 2014, requesting Primary Physical and Sole Legal Custody of the minor children. An emergency hearing was scheduled for December 17, 2014. [R.S.] filed a Motion to Stay Emergency Custody Order and Preliminary Objections to Plaintiffs' Complaint on December 12, 2014. Appellants filed a Motion for Order Requiring Attendance of the minor children at the December 17 hearing. Appellants' Motion was denied and the hearing on the Complaint was held on December 17, 2014.

Following the December 17 hearing, this Court entered an Order dismissing Appellants' Complaint for lack of jurisdiction, noting the initial custody determination made by the courts in Tennessee and the pending trial regarding termination of the parental rights of [G.R.H.] and [T.L.M.]. Appellants filed a Notice of Appeal on December 29, 2014. Appellants' Concise Statement of Matters Complained of on Appeal makes the following assertions:

1. That the trial court committed an error of law in failing to communicate with the court in Tennessee regarding jurisdiction; and

2. That the trial court committed an error of law in dismissing the matter for lack of jurisdiction.

Trial court opinion, 1/27/15 at 1-3.

On appeal, appellants raise three issues:

1. Did the [t]rial [c]ourt err in proceeding with the hearing when there was no proof of service on either of the subject children's natural parents who were interested parties, and should have had notice and the opportunity to participate?

2. Did the [t]rial [c]ourt err in dismissing the case for lack of jurisdiction?

3. Was the decision not to undertake jurisdiction by the trial court void as to public policy?

Appellants' brief at 5.

As a preliminary matter, appellants' issues one and three are waived. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Majorsky v. Douglas*, 58 A.3d 1250, 1268 (Pa.Super. 2012).

We now turn to appellants' remaining issue that the trial court erred in determining that Pennsylvania lacked jurisdiction to consider their custody petition. We are guided by the following standard of review:

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review

>and will not be disturbed absent an abuse of that discretion.  Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings.  An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*Wagner v. Wagner*, 887 A.2d 282, 285 (Pa.Super. 2005), quoting *Lucas v. Lucas*, 882 A.2d 523, 527 (Pa.Super. 2005).

This case presents an unusual scenario.  R.S., the paternal grandmother, is a named defendant/appellee along with her son, G.R.H., who is the natural father of the Children, and T.L.M., the natural mother of the Children.  The Children were taken by Children Services in Tennessee and placed in foster care based on a petition for dependency and neglect filed on July 27, 2012.  R.S. filed an intervening petition for custody in Tennessee; and by order dated April 12, 2013, the Children were released from dependency and placed into her care and custody.  A hearing on the petition to terminate parental rights of the natural parents was scheduled for February 9, 2015, in Tennessee.  Father, G.R.H., is contesting the termination of his parental rights.  (Notes of testimony, 12/17/14 at 3.)

Meanwhile, plaintiffs/appellants, M.P and T.P., entered into a private custody agreement called a Stipulated Custody Order ("Order") with R.S.[1] This Order is neither dated nor was it ever filed in the Court of Common Pleas of Pike County. The Order refers to M.P and T.P. as "proposed adoptive parents." R.S. handed the Children over to M.P. and T.P. on January 12, 2014, and on November 26, 2014, she unilaterally took the Children back. According to the notes of testimony, R.S. picked up the Children from daycare and told M.P. and T.P. she was revoking the Order. (Notes of testimony, 12/17/14 at 10.)

Under the UCCJEA, the child's home state is the preferred basis for determining jurisdiction. **McCoy v. Thresh**, 862 A.2d 109, 113 (Pa.Super. 2004). The UCCJEA defines "home state" as:

> The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402. "Person acting as a parent" is defined as:

---

[1] The testimony at the December 17, 2014 hearing revealed R.S. got in touch with M.P. and T.P. through the Swan Program (Pennsylvania Statewide Adoption and Permanency Network). There is no blood relation between the R.S. and M.P. and T.P. or an official placement order. (Notes of testimony, 12/17/14 at 5.)

> [a] person, other than a parent, who:
>
> (1)    has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence, within one year immediately before the commencement of a child custody proceeding; and
>
> (2)    has been awarded legal custody by a court or claims a right to legal custody under the laws of this Commonwealth.

23 Pa.C.S.A. § 5402.

Instantly, the trial court concluded the Children had resided in Pike County from January 12, 2014 to November 25, 2014; thus, Pennsylvania qualified as the home state of the Children. Additionally, appellants had acted as parents for at least six consecutive months before they filed the complaint. However, the trial court declined to assert jurisdiction over appellants' complaint because it found Tennessee to be a more appropriate forum. The trial court provided three bases for its decision:

> First, the Tennessee courts have yet to make a determination regarding the parental rights of [G.R.H.] and [T.L.M.], natural parents of the minor children. A hearing on a Petition to Terminate Parental Rights of the Natural Parents of the minor children is scheduled to take place on February 9, 2015, in Tennessee. This Court believes that assertion of jurisdiction over the custody of minor children whose natural parents' parental rights have yet to be determined would be imprudent and premature.
>
> Second, Tennessee undertook custody of the minor children and initially placed them in foster care pursuant to a Petition for Dependency and Neglect.

> After [R.S.] filed an intervening Petition for Custody in Tennessee, the minor children were released from Dependency and placed in [R.S.]'s custody. [R.S.] still retains custody of the minor children pursuant to the April 12, 2013, Order of the Tennessee court.
>
> Third, there is no Order of Court in Pike County or anywhere in Pennsylvania which enforces the purported private custody agreement between Appellants and [R.S.].

Trial court opinion, 1/27/15 at 5.

In light of the ongoing litigation and custody order issued by the courts in Tennessee, we agree with the trial court's reasoning.[2] We find no abuse of discretion in dismissing appellants' complaint.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

---

[2] We also note our agreement with the trial court's discussion that there was no basis for it to assert temporary emergency jurisdiction pursuant to 23 Pa.C.S.A. § 5424(a) because there were no allegations of abandonment, mistreatment, or abuse made in this matter. While appellants' complaint was framed as an "Emergency Complaint for Custody," it was, in fact, a "Complaint for Custody."